UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAYMOND RUDDER,

    Petitioner,                      CASE NO. 07-CV-12664

v.                                      DISTRICT JUDGE ANNA DIGGS TAYLOR
                                      MAGISTRATE JUDGE CHARLES E. BINDER

RAYMOND BOOKER,
Warden,

    Respondent.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION TO STAY HABEAS CORPUS PROCEEDINGS
and RESPONDENT'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE
(Dkt. 4, 5)**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that Petitioner's Motion to Stay Habeas Corpus Proceedings be **GRANTED** and that Respondent's Motion for Extension of Time to File Response be **DENIED as moot.**

**II.    REPORT**

    **A.    Background**

Petitioner is a prisoner who is currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan, under the direction of the Michigan Department of Corrections ("MDOC"). Petitioner, through counsel, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before this Court is a Motion to Stay Habeas Corpus Proceedings filed

by Petitioner. (Dkt. 4.) On February 4, 2004, Petitioner was convicted of second degree murder following a jury trial held in the Wayne County Circuit Court. He was sentenced to life imprisonment.

Petitioner asserts that the murder was a "cold case" that occurred in 1970 and that the only physical evidence offered against him was a partial fingerprint on the whiskey bottle that was alleged to be the weapon used and which was also alleged to belong to Petitioner. (Dkt. 4 ¶ 5.) Petitioner was denied relief via his direct appeal to the Michigan Court of Appeals and his request for leave to appeal further was denied by the Michigan Supreme Court. (*Id.* ¶ 6.) Petitioner filed the instant action on June 22, 2007, and on July 3, 2007, the Court found that the Petition was not subject to summary dismissal under Rule 4 and ordered Respondent to answer the Petition by January 8, 2008. (*Id.* ¶ 7; Dkt. 2.) Respondents have filed a motion for extension of time to file a response because of the pending motion to stay proceedings. (Dkt. 5.)

The Petition sets forth seven claims alleging various constitutional violations arising out of his state court conviction. Petitioner request that the instant habeas proceeding be held in abeyance so that Petitioner can return to the state courts and exhaust four additional claims that have not yet been presented. (Dkt. 4 ¶8.) Petitioner's motion lists the additional claims to be presented which includes challenging the admission of "hearsay forensic evidence" and "hearsay forensic testimony" in violation of the Sixth Amendment right to confrontation as set forth in *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). (*Id.*) Petitioner avers that he will exhaust these new claims by filing a motion for relief from judgment in Wayne County under M.C.R. 6.502 and that any denial of that motion is reviewable by the Michigan Court of Appeals and Michigan Supreme Court. (*Id.* ¶ 10.) Petitioner seeks a stay and abeyance of the

current petition because if the petition were to be dismissed, and relief denied in the state courts, a subsequent habeas petition would be barred by the limitation period. (*Id.* ¶ 11.) Respondent has asked for additional time to respond to the Habeas petition so "this Court can rule on Petitioner's Motion to Stay Habeas Proceedings." (Dkt. 5 ¶ 2.)

On January 8, 2008, United States District Judge Anna Diggs Taylor referring all pretrial matters to the undersigned Magistrate Judge. (Dkt. 6.) Upon review of the documents, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation on the pleadings without oral argument.

**B.    Discussion**

In *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the United States Supreme Court granted certiorari to resolve a split in the Circuits regarding the propriety of the district courts' "stay and abeyance" procedure. The Court held that the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations, 28 U.S.C. § 2244(d), did not deprive the district courts of their authority to issue stays and does contain a tolling provision. *Id.* at 276; 28 U.S.C. 2244(d)(2). The Court pointed out that the rationale behind the AEDPA's tolling is two-fold. On the one hand, the AEDPA's one-year limitation period reduces delay in the execution of state sentences. *Id.* On the other hand, the AEDPA's tolling provision protects the state prisoner's ability to apply for federal habeas relief while pursuing relief in the state courts, encouraging resort to state courts before seeking federal relief. *Id.* at 276-77. However, the Court also pointed out that "[s]tay and abeyance, if employed too frequently, has the potential to undermine these twin purposes." *Id.* at 277. Therefore, the Court held that "stay and abeyance is only appropriate when the district court determines there was good cause for the

3

petitioner's failure to exhaust his claims in state court" and where the unexhausted claims are not without merit. *Id.* at 277. The Court advised that when granting a stay, "district courts should place reasonable time limits on a petitioner's trip to state court and back," e.g., requiring the petitioner to pursue state remedies within 30 days of the Order and requiring the petitioner to return to federal court within 30 days of completing state court exhaustion. *Id., citing Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001). Finally, the Court cautioned that it would constitute an abuse of discretion to deny a stay if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Justices Ginsburg and Breyer concurred, writing one additional sentence to emphasize that "good cause" is "not intended to impose the sort of strict and inflexible requirement that would "'trap the unwary pro se prisoner.'" *Id.* at 279 (citation omitted). Justices Souter, Ginsburg and Breyer concurred "with one reservation" that they "would simply hold the order [of stay and abeyance] unavailable on a demonstration of 'intentionally dilatory litigation tactics.'" *Id.* (citation omitted.)

In the instant case, Petitioner seeks a stay and abeyance to exhaust claims that hearsay evidence (physical and testimonial) was improperly admitted against him at trial in light of the United States Supreme Court case of *Crawford v. Washington, supra*. Plaintiff was convicted on February 4, 2004, one month before *Crawford* was decided on March 8, 2004. Petitioner has exhausted the claims presented at the trial court level but his appellate issues did not include those potentially raised by the *Crawford* decision since it was decided after his conviction. Petitioner intends on raising these new legal issues in a motion for relief from judgment in Wayne County under M.C.R. 6.502. (Dkt.4 ¶ 10.)

4

I suggest that Petitioner has shown his entitlement to a stay and abeyance pending his return to state court to exhaust claims raised by the *Crawford* decision. I suggest that the timing of the decision constitutes good cause, that his claims are not without merit, and I see no indication of intentional dilatory litigation tactics. *Rhines*, 544 U.S. at 277-78. Accordingly, I recommend that Petitioner's motion to stay the instant habeas petition be granted. I further suggest that time limits be placed on Petitioner's "trip to state court and back," i.e., that Petitioner be given 30 days from any Order adopting this Report to pursue state remedies and that Petitioner should return to federal court within 30 days of completing state court exhaustion. *Id.* at 277. In light of the above recommendation, I also recommend that Respondent's motion for extension of time to file a response be denied as moot.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*,

474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

          s/ *Charles E. Binder*
          CHARLES E. BINDER
Dated: January 31, 2008           United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on B. Eric Restuccia and Laura Sutton, and served on District Judge Taylor in the traditional manner.

Date: January 31, 2008         By    s/Patricia T. Morris
                                                 Law clerk to Magistrate Judge Binder